IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Howard Jackson, | ) | C/A No. 3:15-4332-JMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER AND** |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Richland County; and Samuel J. Selph, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Howard Jackson, filed this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq., as well as state law claims against the named defendants.[1]  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on Defendant Richland County's motion to dismiss.  (ECF No. 4.)  Jackson filed a response in opposition to the County's motion and moved to amend his Complaint.  (ECF Nos. 7 & 8.)  The County filed a reply memorandum and opposed the amendment in part.  (ECF Nos. 10 & 13.)  Having reviewed the parties' submissions and the applicable law, the court finds that the County's motion to dismiss should be granted.

## BACKGROUND

Jackson is the former director of the Board of Voter Registration and Elections for Richland County ("the Board").  Sufficient for purposes of this motion, the gist of Jackson's Complaint is that he was unlawfully terminated based upon his race and his opposition to race discrimination by the Board in hiring a new deputy director.

___

[1] The defendants removed this action from the Richland County Court of Common Pleas.

Page 1 of  9



## DISCUSSION

A.  **Motion to Dismiss Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

B.  **Defendant's Motion**

The County contends that it is not a proper defendant in Jackson's Title VII claim because it was not his employer; rather, it submits, Jackson was employed by the Board, an entity separate and distinct from the County under state law.

Title VII prohibits most employers from discriminating against their employees based on certain protected characteristics, including race. "An entity can be held liable in a Title VII action only if it is an 'employer' of the complainant." Butler v. Drive Auto. Indus. of Am., Inc., 793 F.3d 404, 408 (4th Cir. 2015); Walters v. Orangeburg Cty., No. C.A. 5:99-1115, 2000 WL 33417008, at *2 (D.S.C. Aug. 1, 2000), aff'd, 14 F. App'x 285 (4th Cir. 2001) ("It is elementary that Title VII is . . . available only to employees seeking redress for alleged unlawful employment practices of *their*



employers.") (emphasis added).  However, multiple entities may simultaneously be considered employers for the purposes of Title VII.  Butler, 793 F.3d at 410.  In Butler, the United States Court of Appeals for the Fourth Circuit recognized the joint employment doctrine and adopted the "hybrid test" applying various factors to determine whether an entity is an employer under Title VII.  Id. at 410, 413-14.

As indicated above, whether an entity is an "employer" within the meaning of Title VII is a question of federal law; however, state law may be pertinent in applying the factors to determine whether an entity exercises such control over an employee that it can be considered an employer under Title VII.[2]  Walters, 2000 WL 33417008, at *2 (citing Curl v. Reavis, 740 F.2d 1323, 1327 (4th Cir. 1984)).

Under South Carolina law, county Boards of Voter Registration and Elections are appointed by the Governor upon recommendation by the legislative delegation of the applicable county.  S.C. Code Ann. § 7-5-10(A)(1).  By statute, the Board is required to hire a director who serves at the pleasure of the Board.  S.C. Code Ann. § 7-5-10(B)(6).  Under express state law, neither the County Council nor the County Administrator has any employment or discharge authority over any personnel employed in departments or agencies under the direction of an elected official or official appointed by an authority outside of county government.  S.C. Code Ann. § 4-9-30(7); accord Op. S.C. Att'y Gen., 2014 WL 3352175 (June 30, 2014); Op. S.C. Att'y Gen., 2012 WL 6061812 (Nov. 26, 2012) (both addressing the lack of authority of a county government to discharge employees of the county Board of Voter Registration and Elections).  Federal courts examining similar situations have

---

[2] "As the Supreme Court has noted, definitions of 'employer' and 'employee' in federal law are often circular and 'explain[ ] nothing.' " Butler, 793 F.3d at 408 (quoting Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 323 (1992)).

Page 3 of 9



determined based on this structure that counties are not employers for Title VII purposes of employees of elected officials. See Walters, 2000 WL 33417008, at *2, *5; see also Poloschan v. Simon, Civil Action No. 9:13-1937-SB-BM, 2014 WL 1713562 at *6-7 (D.S.C. Apr. 29, 2014); Ray v. Simon, Civil Action No. 9:13-2013-SB-BHH, 2014 WL 1400812 at *7-8 (D.S.C. Apr. 10, 2014) (both finding that employees of the probate court were not employees of the county); Buchanan v. Kitchens, No. 7:09-cv-1433-JMC-JDA, 2011 WL 6153144, at *5-6 (D.S.C. Nov. 18, 2011) (finding that the county was not a Title VII employer of an employee of the clerk of court's office because the clerk of court was an elected official), adopted in 2011 WL 6153183 (D.S.C. Dec. 12, 2011). This reasoning extends to employees of gubernatorially appointed boards. See S.C. Code Ann. § 4-9-30(7) ("[A county's] employment and discharge authority does not extend to any personnel employed in departments or agencies under the direction of an elected official or an official appointed by an authority outside county government.").

In opposing the County's motion, Jackson relies on the Fourth Circuit's decision in Butler v. Drive Automotive Industries of America, Inc., 793 F.3d 404 (4th Cir. 2015), suggesting that it requires a different result than that reached in the cases cited above. The court disagrees. First, Butler did not involve a government defendant whose authority to act is circumscribed by state law. Rather, it addressed the fact-specific analysis of whether two private entities were joint employers of a Title VII plaintiff. However, even if Butler directly governed the situation presented here, applying the Butler factors shows that the County was not Jackson's employer for Title VII purposes.

After discussing the three types of tests other courts have used to determine whether an entity is an employer, the Butler Court adopted the "hybrid test," a test which blends the inquiry of the "control test," aptly named for its focus on formal legal parameters grounded in agency law, with that

PJG

of the "economic realities test," which attempts to identify the entity on which the employee relies on for work and remuneration, regardless of who is actually writing the paychecks and determining work status. Butler, 793 F.3d at 410-15. In adopting the hybrid test, the Butler Court held that the following factors should be considered in determining whether two entities are joint employers under Title VII:

(1)  authority to hire and fire the individual;
(2)  day-to-day supervision of the individual, including employee discipline;
(3)  whether the putative employer furnishes the equipment used and the place of work;
(4)  possession of and responsibility over the individual's employment records, including payroll, insurance, and taxes;
(5)  the length of time during which the individual has worked for the putative employer;
(6)  whether the putative employer provides the individual with formal or informal training;
(7)  whether the individual's duties are akin to a regular employee's duties;
(8)  whether the individual is assigned solely to the putative employer; and
(9)  whether the individual and putative employer intended to enter into an employment relationship.

Id. at 414. The Butler Court identified three factors as most important: the power to hire and fire, the extent of employee supervision, and where and how the work takes place. Id. The Butler Court expressly noted that when applying the factors under the hybrid test, "no one factor is determinative, and the consideration of factors must relate to the particular relationship under consideration." Id. at 415 (quoting Cilecek v. Inova Health Sys. Servs., 115 F.3d 256, 260 (4th Cir. 1997)). However, "control remains the principal guidepost." Id.

Thus, in applying the hybrid test to the case at hand, the court is mindful that control is the guidepost and that the factors should be applied with consideration of the particular relationship presented here under South Carolina law's interplay between the counties and public boards.

Turning initially to the three factors that the Butler Court identified as the "most important," the court concludes that they weigh against a determination that the County was Jackson's employer. As a matter of state law, only the Board has the power to hire and remove the director. S.C. Code Ann. § 7-5-10(B)(6). Similarly, the Board alone has the authority to supervise the director on a day-to-day basis; by statute, the County has no employment authority over him. S.C. Code Ann. § 4-9-30(7). Next, the work functions regarding voter registration and elections performed by the director are unique to his position and are not akin to any performed by regular employees acting under the control of Richland County. Cf. Walters, 2000 WL 33417008, at *7 n.2 ("It is not Orangeburg County's regular business to perform the functions of the Auditor's Office for Orangeburg County."). Moreover, Jackson's sole assignment was director of voter registration and elections; he does not allege that he performed any duties in furtherance of other County services or responsibilities.

Application of some of the other Butler factors weighs in Jackson's favor; for example, he declares that he received some training from the County. Additionally, the parties do not appear to dispute that the County paid his salary and administered his insurance and other benefits, possessed and maintained his employment records, and provided office space in the County's administration building.³ See generally S.C. Code Ann. § 4-1-80 (requiring counties to provide office space and equipment for certain elected officials); §§ 7-5-40, -130 (requiring counties to provide space for voter registration offices). However, other courts confronting analogous situations arising out of state or county government have found that the fact that a county may provide administrative

---

³ Based on the situation at hand, the court finds the remaining Butler factors, including the length of time the plaintiff worked for the putative employer and whether the parties intended to enter into an employment relationship, to be neutral in the analysis.



services to employees of a publicly elected or appointed official or body, such as paying salaries, administering benefits, and providing office space and equipment, does not compel a finding that the County is the employer in the context of Title VII. See Walters, 2000 WL 33417008, at *7 n.3; see also Hughes v. Bedsole, 913 F. Supp. 420, 427 (E.D.N.C. 1994) (holding that the fact that the county paid the salaries of the sheriff's department employees did not make them county employees); Buchanan, 2011 WL 6153144 at *5-6; Amos-Goodwin v. Charleston Cty. Council, No. 97-2321, 1998 WL 610650 (4th Cir. 1998) (*per curiam*). In any event, balancing the "most important" factors identified by the Butler Court against these other factors results in a determination that the County was not Jackson's employer.

**C.    State Law Claims**[4]

Jackson's claim of a violation of state public policy fails under the well-established case law that such a claim cannot lie where the plaintiff has an available statutory remedy such as Title VII. See Heyward v. Monroe, 166 F.3d 332 (4th Cir. 1998) (finding the plaintiff's South Carolina public policy claim appropriately dismissed where the employee had a remedy under Title VII); Menton v. Nestle Prepared Foods Co., Civil Action No. 7:14-cv-02542-JMC, 2015 WL 1038121, at *7, *11 (D.S.C. Mar. 10, 2015). Whether or not the statutory remedy is successful is immaterial; it is the availability of the statutory remedy that precludes that public policy claim. See Newman v. S.C. Dep't of Emp't & Workforce, C/A No. 3:10-942-CMC-PJG, 2010 WL 4666360 (D.S.C. 2010) (holding that although the available remedies under the Grievance Act and the Whistleblower Act

---

[4] In his memorandum in opposition, Jackson clarifies that his state law claim of defamation is brought against only Defendant Samuel J. Selph, not the County.



may be limited and impose procedural hurdles to recovery, the availability of these remedies precludes a Ludwick public policy claim).

**D.     Remaining Motions**

In light of the court's determination that as a matter of law the County was not Jackson's employer under Title VII, Jackson's motion to amend (ECF No. 7) is granted in part to the extent he seeks to amend the Complaint to add "Richland County Board of Elections and Voter Registration" as a separate defendant and clarify that the defamation claim is asserted against only Defendant Samuel J. Selph, and it is denied to the extent that Jackson seeks to add factual allegations or claims against the County.  The County's motion for a protective order (ECF No. 20) should be terminated from the docket as moot.

## RECOMMENDATION

For all of the foregoing reasons, the court recommends that the County's motion to dismiss the plaintiff's claims against it (ECF No. 4) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 24, 2016
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' "  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).